UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60278

_____

STEPHEN M. GRAY;

Plaintiff-Appellant,

v.

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY;

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(1:97-CV-224-GR)
_____

May 6, 1999

Before JONES, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Throughout his life, Stephen Gray has held several jobs: carpenter, laborer, stock clerk, gas station attendant, delivery and maintenance employee, school bus driver, and substitute teacher. He has a high school education. On February 21, 1991, while employed as a carpenter for SCI Construction, Gray injured his back lifting a drain cover. He received sundry treatments for his ailment, including chiropracty, drug therapy, and surgery. Most significantly, Gray has endured two surgical fusions of his spine -- the first in April 1992, the second in July 1993.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On February 24, 1993, Gray applied for disability insurance benefits and Supplemental Security Income under the Social Security Act. Before an Administrative Law Judge ("ALJ"), the parties agreed that Gray was disabled from February 21, 1991 to April 1, 1994. The ALJ refused to grant benefits beyond April 1, 1994, however -- finding no disabling impairment prevented Gray from returning to his past work as a gas station attendant. The district court affirmed the ALJ, and Gray timely appealed. Finding the ALJ's decision was supported by substantial evidence,[1] we affirm.

The parties agree that Gray suffered from a disabling impairment through April 1, 1994. Indeed, Gray's counsel characterized the disability as a "closed situation" consistent with the treating physician's, Dr. M.F. Longernecker's, identification of April 1994 as the date of maximum medical improvement. Now, Gray asks this court to ignore the statements of his counsel and treating physician and remand this case to the Secretary based on the ALJ's failure to employ the assistance of a vocational expert when gauging Gray's residual functional capacity and the alleged failure to account for Gray's pain and use of prescription medication when making the disability determination.

Citing Simpson v. Schweiker, Gray maintains -- vaguely -- that this case should be governed by the standard of review

---

[1]    If the ALJ applied the appropriate legal standard and the decision is supported by substantial record evidence, we must affirm.  See Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).  When conducting our review, we will neither reweigh the evidence nor substitute our judgment for that of the Secretary.  See id.

applicable to benefit termination decisions and the corresponding presumption of disability. See 691 F.2d 966, 969 (11th Cir. 1992).[2] This case does not involve the reexamination of a benefits decision previously entered; instead, the ALJ's decision involves an initial determination of benefit eligibility and the period over which the claimant was affected by the disability. Accordingly, the ALJ properly applied the five-step sequential process for determining Gray's eligibility for benefits and correctly placed the burden of proving disability on Gray.

Under the five-step sequential process, an ALJ must consider several factors to determine a claimant's eligibility for benefits. See Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291 (1987). An unfavorable answer to any one factor results in a denial of benefits. See id. After considering all of the evidence, including the report of Dr. Longernecker and other physicians, the ALJ ruled against Gray on two factors. First, the ALJ determined that Gray's disability was not the equivalent of an impairment presumed sufficient to preclude substantial gainful activity (step 3). Second, while acknowledging Gray's complaints of pain, the ALJ found that Gray's residual functional capacity permitted the performance of light work activity, including the past relevant work of a gas station attendant (step 4).

---

[2]     This distinction in the review process is set forth in the Code of Federal Regulations. Compare 20 C.F.R. § 404.1520(a) ("When you file a claim for a period of disability . . . , we use the following evaluation process." (emphasis added)), with 20 C.F.R. § 404.1594(a) ("[I]f you are entitled to disability benefits, your continued entitlement . . . must be reviewed periodically.").

Contrary to Gray's argument, the ALJ clearly considered Gray's subjective complaints of pain when making his disability determination; however, he only found the complaints credible to the extent the described pain limited Gray to activities requiring greater exertion than light work. This finding not only constitutes a credibility determination this court will not review,[3] but it is also consistent with the law regarding the debilitating nature of pain. See Wren v. Sullivan, 925 F.2d 123, 128-29 (5th Cir. 1991) ("The ALJ must consider subjective evidence of pain, but it is within his discretion to determine the pain's disabling nature." (internal citations omitted)). Subjective complaints of pain will only support a disability finding when the pain is "constant, unremitting, and wholly unresponsive to therapeutic treatment." See id. at 128 (citing Haywood v. Sullivan, 888 F.2d 1463, 1470 (5th Cir. 1989)). According to the record reports, Gray's back condition continued to improve and his complaints of pain, while real, did not rise to the level of a disabling impairment. Cf. Falco, 27 F.3d at 163 (upholding ALJ determination that pain associated with claimant's back injury was not disabling).

Gray also challenges the sufficiency of the record evidence with respect to the finding that he retained a residual functional capacity to perform light work. In support of his argument, Gray cites the December 1993 report of Dr. Longernecker estimating a 30% total body loss and recognizing a potential

_____

[3] See Falco v. Shalala, 27 F.3d 160, 164 n.18 (5th Cir. 1994).

**4**

limitation to sedentary work.  While the opinion of the treating physician is entitled to considerable weight, Dr. Longernecker's opinion is not conclusive.  See Floyd v. Bowen, 833 F.2d 529, 531 (5th Cir. 1987).  The December 1993 report merely speculates regarding Gray's residual functional capacity, and both the December 1993 letter and a January 1994 follow-up letter suggest that a functional capacity evaluation should be performed once Gray achieves maximum medical improvement.  No such evaluation was entered in the record.

Left with no evidence regarding Gray's limitations after April 1, 1994, Dr. Longernecker's report that the results of the fusion were satisfactory, and Gray's continued improvement since December 1993, we cannot say that the ALJ's opinion was not based on substantial record evidence.  The ALJ considered all the medical reports and the testimony of Gray when setting a residual functional capacity.  Gray, originally characterizing his claim as a "closed situation" after April 1, 1994, failed to present any evidence that indicated a limitation to sedentary work only.  The record as whole thus supports the ALJ's residual functional capacity finding.  Moreover, because the ALJ properly found that Gray was able to perform his past relevant work -- an element of Gray's prima facie disability claim -- no resort to the testimony of a vocational expert was necessary.  See Green v. Schweiker, 694 F.2d 108, 112 (5th Cir. 1982) (ALJ not required to call vocational expert when claimant fails to support prima facie case of disability).

Gray also contends that his use of prescription drugs, such as Merpergan Fortis and Valium, limits his ability to return to work. Essentially, Gray argues that he experiences so much anxiety as a side effect of the Valium that he would be unable to perform his past job as a gas station attendant. Not only did Gray fail to assert and, thus, waived this argument,[4] but the ALJ specifically considered "the type, dosage, effectiveness and side-effect[s] of any medication to alleviate pain or other symptoms" when rendering his decision regarding Gray's residual functional capacity. As we have previously found, the ALJ's holding with respect to Gray's residual functional capacity was supported by substantial evidence.

**AFFIRMED.**

---

[4] See Paul v. Shalala, 29 F.3d 208, 210 (5th Cir. 1994) (appellate court lacks jurisdiction to consider argument not asserted in administrative proceedings).